**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM G. SANDERS,

Plaintiff,

v. Case No. 8:26-cv-01273-WFJ-AEP

CITY OF BRADENTON,

Defendant.
_____________________________________/

**ORDER**

Before the Court is Defendant City of Bradenton's (the "City") Motion to Dismiss. Dkt. 7. Plaintiff William G. Sanders ("Sanders"), proceeding *pro se*, has replied in opposition, Dkt. 13, and the City replied. Dkt. 14.[1] After careful consideration, the Court dismisses Plaintiff Sanders' complaint as an impermissible shotgun pleading.

**BACKGROUND**

This dispute arises from alleged eminent domain proceedings initiated by the City regarding Plaintiff Sanders' property. *See generally* Dkt. 1. Plaintiff Sanders is

---

[1] In the City's reply, Dkt. 14 at 1–2, certain nonexistent legal authority are identified that were cited by Plaintiff Sanders in his response in opposition to the present Motion to Dismiss. *See, e.g.*, Dkt. 13 at 5-7 (citing *Crane v. Lifemark Hosps., Inc.*, 898 F.3d 1130, 1135 (11th Cir. 2018) and "Am. Express Travel Related Servs. Co. v. Holloway, 685 So. 2d 1337 (Fla. 4th DCA 1996)"). Following this, Plaintiff Sanders filed a Supplemental Notice of Corrected Authorities, which withdrew and substituted these citations. Dkt. 15.

a resident of Bradenton, Florida who owned and possessed real property located within Manatee County, Florida. *Id.* at 3. The City is a municipal corporation of the State of Florida. *Id.* In August 2025, Plaintiff Sanders alleges that his property became the subject of eminent domain proceedings initiated by the City under Chapter 73 of the Florida Statutes. *Id.* at 2–3. Plaintiff Sanders claims that the City exercised immediate possession without clear notice. *Id.* at 4. It is further claimed that Plaintiff Sanders did not have a meaningful opportunity to challenge the necessity of the taking, the scope of the taking, or the valuation of the property. *Id.* Plaintiff Sanders asserts that the City "relied upon inconsistent and conflicting valuation figures" and ultimately never provided compensation for the property at issue. *Id.*

On April 30, 2026, Plaintiff Sanders filed the operative Complaint, alleging the following causes of action against the City: violation of procedural due process per 42 U.S.C. § 1983 (Count I); unconstitutional taking in violation of the Fifth and Fourteenth Amendments (Count II); municipal liability per *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (Count III); and deprivation of property in violation of the Fourteenth Amendment (Count IV). Dkt. 1 at 5–6.

## LEGAL STANDARD

"[*P*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United*

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). Yet despite giving "liberal construction to the pleadings of *pro se* litigants, [the Eleventh Circuit] nevertheless [has] required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation modified).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Shotgun pleadings violate this requirement, and "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1294–95 (11th Cir. 2018). A complaint may qualify as a shotgun pleading if it (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) does not separate "each cause of action or claim for relief" into a different count; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The unifying characteristic of shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro*, 878 F.3d at 1295 (citation modified); *see Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone."). However, before dismissing a complaint on shotgun pleading grounds, the court must "*sua sponte* allow a litigant one chance to remedy such deficiencies." *Vibe Micro*, 878 F.3d at 1295. The court should "explain how the offending pleading violates the shotgun pleading rule" and direct the plaintiff to amend the complaint. *Id.* at 1296. "If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." *Jackson*, 898 F.3d at 1358.

## DISCUSSION

The City argues that Plaintiff Sanders' Complaint should be dismissed, as it "falls into the first, second, and third category of impermissible shotgun pleading described in *Weiland*." Dkt. 7 at 7. The Court agrees as to the first and second categories and considers each as follows.

Regarding the first category of shotgun pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts," *Weiland*,

792 F.3d at 1321, Plaintiff Sanders' Complaint "realleges paragraphs 1–23" under each claim, Dkt. 1 at 5–6, but it then fails to actually number any paragraphs. *See id.* Although the Complaint does not strictly reallege all preceding counts, the unnumbered paragraphs violate Rule 8 because it is unclear which allegations are being reincorporated into which claim. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996) ("[The] complaint is a perfect example of 'shotgun' pleading, in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." (citation omitted)). This additionally violates Rule 10(b), which requires a claimant to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Regarding the second category of shotgun pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[,]" *Weiland*, 792 F.3d at 1322, Plaintiff Sanders' Complaint is indeed beset with such conclusory allegations. *See* Dkt. 1. For example, Plaintiff Sanders' Complaint summarily states that "Defendant . . . deprived Plaintiff of personal property not subject to eminent domain[,]" "Defendant's actions violated the Takings Clause of the Fifth Amendment," and "Defendant's conduct violated Plaintiff's rights under the Fourteenth Amendment." *Id.* at 5, 6. Further, when discussing municipal liability under *Monell*, Plaintiff

Sanders' Complaint asserts that "Defendant is liable under *Monell v. Department of Social Services* because the constitutional violations were caused by: a. official policy, b. longstanding practice or custom, or c. actions of final policymakers." *Id.* at 6. Plaintiff Sanders fails to allege sufficient facts, and instead relies on a mere conclusory recitation of the potential bases for municipal liability. *See Chabad Chayil, Inc. v. Sch. Bd. of Mia.-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022) ("A plaintiff can establish municipal liability under *Monell* in three ways: (1) identifying an official policy; (2) identifying an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights." (citation omitted)).

Beyond its conclusory nature, Plaintiff Sanders' Complaint is also impermissibly vague. No address or other identifying information is given for the property at issue, minimal details are provided as to the eminent domain proceedings and the related valuation, and the only date given was "in or about August 2025," as to the initiation of the relevant proceedings. *See* Dkt. 1.

Overall, the City lacks adequate notice of the claims brought against it and thus cannot reasonably be required to provide a responsive pleading. Accordingly,

the Court finds Plaintiff Sanders' Complaint to be an impermissible shotgun pleading that is due to be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant City of Bradenton's Motion to Dismiss, Dkt. 7, is **GRANTED**. Plaintiff William G. Sanders' Complaint, Dkt. 1, is **DISMISSED without prejudice**.
2. Plaintiff William G. Sanders is **DIRECTED** to file an amended complaint **within twenty-one (21) days** of this order. The Court cautions Plaintiff against asserting frivolous claims, filing a shotgun pleading, or citing to nonexistent case law. Failure to comply may result in dismissal of the amended complaint with prejudice.

**DONE AND ORDERED** at Tampa, Florida, on July 31, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record